UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| LATARIUS DABNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 21-2023-JDT-cgc |
| | ) | |
| OFFICER BACHUS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER TO MODIFY THE DOCKET, PARTIALLY DISMISSING CASE,
AND DIRECTING THAT PROCESS BE ISSUED AND SERVED

On January 7, 2021, Plaintiff Latarius Dabney, who is incarcerated at the Shelby County Criminal Justice Center (Jail) in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) Dabney has sued First Name Unknown Bachus, a Detention Response Team Officer at the Jail.[1]

Dabney, a pretrial detainee, states that on November 17, 2020, he was placed in handcuffs to be removed from his cell due to a "shakedown." (ECF No. 1 at PageID 2.) He alleges Defendant Bachus "became very agitated and beg[a]n assaulting me using un-professional [sic] and a lot of officer brutality." (*Id.*) Dabney contends he complied with all of Bachus's orders and was not

---

[1] The Defendant is recorded on the docket as "D.R.T. Bachus." However, the letters "D.R.T." stand for "Detention Response Team" and are not the Defendant's initials  The Clerk is directed to MODIFY the docket to reflect that Defendant's first name is unknown at this time.

resisting. (*Id.*) Nevertheless, Bachus allegedly "smashed my face into the ground twice causing my chin to be split and cut open and a swelling to appear inside the right side of my jaw." (ECF No. 1-1.) After the incident, Dabney was taken to the medical department and treated for his injuries with "invisible stitching" and an ice bag. (*Id.*) He seeks compensation for his injuries and also appears to ask that Bachus be prevented from working around him. (*See* ECF No. 1 at PageID 3 (stating it is a "conflict of interest" to have "an officer that physically and mentally harmed me around me.").

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make

a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Dabney filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To the extent Dabney sues Bachus in his official capacity, the claims are treated as claims against Shelby County. Shelby County, however, may be held liable under § 1983 *only* if Dabney's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal or county liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."

3

*Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Dabney does not allege that he was injured due to an unconstitutional policy or custom of Shelby County; he therefore fails to state a claim against the Defendant in his official capacity.

Dabney's claim against Defendant Bachus in his individual capacity amounts to a claim of excessive force. Because Dabney is a pretrial detainee, his claim must be analyzed under the Fourteenth Amendment's standard of objective reasonableness, which "turns on the 'facts and circumstances of each particular case.'" *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*

Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). The proper application of this standard requires consideration of the following factors:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This list is not exhaustive but illustrates some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.*

Dabney alleges he was being removed from his cell in handcuffs when Bachus became agitated and subjected him to excessive force. Though Dabney does not state why Bachus became agitated, he does allege he was fully compliant and unresisting at all times during the incident. Yet, Bachus assaulted him without provocation and smashed his face into the floor twice, causing injury.

The use of force on an inmate who is restrained and unresisting is objectively unreasonable under the Fourteenth Amendment. *See Coley v. Lucas Cnty., Ohio*, 799 F.3d 530, 541 (6th Cir. 2015); *see also Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994) (holding that use of force after suspect had been incapacitated by mace would be excessive as a matter of law). Bachus's actions, as alleged by Dabney, suggest a gratuitous use of force amounting to punishment, which is prohibited against pretrial detainees. *See Kingsley*, 135 S. Ct. at 2473 (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989), and *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)). Taking Dabney's allegations as true, he states a plausible Fourteenth Amendment claim of excessive force against Defendant Bachus.

In conclusion, any official capacity claims against Defendant Bachus are DISMISSED for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Dabney's Fourteenth Amendment claim for excessive force against Bachus will proceed.

The Clerk is ORDERED to issue process for Defendant First Name Unknown Bachus and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Bachus pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Dabney shall serve a copy of every subsequent document he files in this case on the attorneys for Defendant Bachus or on Defendant Bachus personally if he is unrepresented. Dabney shall make a certificate of service on every document he files. Dabney shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[2]

Dabney is reminded that he must promptly notify the Clerk, *in writing*, of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

      s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.